IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ELLEN MAXEY** and § | |
| **ROMMIE MAXEY** § | |
| § | |
| **VS.** § | |
| § | **C.A. NO. 4:16-cv-2054** |
| § | |
| **SELECT INSURANCE COMPANY** § | **JURY DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **ELLEN MAXEY** and **ROMMIE MAXEY,** Plaintiffs complaining of Defendant **SELECT INSURANCE COMPANY** and for cause of action and shows the following:

### PARTIES

1. Plaintiffs were at all relevant times residents of Harris County, Texas and are the owners of the insured property located at 5030 Heatherglen Drive, Houston, Texas 77096 and has been at all times material to the allegations set forth in this Complaint.

2. Defendant **SELECT INSURANCE COMPANY** is a domestic insurance company, admitted to do business in the State of Texas and participating in FEMA's "Write Your Own" (WYO) program. Defendant issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy. Defendant can be served by serving its Attorney for Service, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

1. This action arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.,* pursuant to the insurance contract issued to Plaintiff, providing flood insurance on Plaintiff's residence. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331. Pendent jurisdiction over Plaintiff's state law claims exists pursuant to 28 U.S.C. §1332(a).

3. The insured property is situated in the Southern District of Texas, Houston Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072.

## FACTUAL ALLEGATIONS BREACH OF CONTRACT

4. Defendant issued an SFIP to the Plaintiff, namely, Policy No. FLD 11954417, for a one (1) year period, whereby Defendant agreed to pay the Plaintiffs for any direct physical loss to the insured property caused by or from a "flood" as defined by the Policy. The SFIP covered flood damage to the Plaintiffs' residence and its contents to those limits set forth in the Policy subject to a deductible.

5. On or about May 26, 2015, a tremendous amount of rain fell in the Houston area causing widespread flooding throughout the city. One of the areas hardest hit was the Meyerland area which is where Plaintiffs' house is located. The flooding directly and proximately caused severe damage to Plaintiffs' property which in turn has led to additional damages. Compliance with FEMA regulations and guidelines require an extensive remediation and rebuild of Plaintiffs' property so as to render any renovations or rebuild prior to this letter useless.

7. Plaintiffs timely notified the Defendant of their loss and the claim was adjusted by or on behalf of Defendant. As a result, Defendant denied full coverage and only made a

partial payment for Plaintiffs' damages, which payment is insufficient to fully compensate Plaintiffs for their damages.

8. Plaintiffs disagree with Defendant's denial of and the adjustment of Plaintiffs' damages and losses and alleges that Plaintiffs have not been fully and appropriately compensated for the direct physical losses sustained as a result of the flood.

9. The above described SFIP was in full force and effect at the time of the Plaintiffs' loss and Plaintiffs have performed all conditions precedent entitling Plaintiffs to the coverage, payments, and benefits afforded by said Policy.

10. Defendant has failed or refused to pay the full amount due under the SFIP and has otherwise failed or refused to comply with the terms and provisions of the Policy. Accordingly, Defendant has breached the contract of insurance herein described.

11. As a direct and proximate consequence of the Defendant's breach of said contract, Plaintiffs have incurred the following damages: actual damages to the Insured Property to fully and completely remediate, repair, and rebuild Plaintiffs' property as required.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICE**

12. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(A). All violations under this article are made actionable by Texas Insurance Code, Section 541.151. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(1).

13. Defendant's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability

under the Policy was reasonably clear, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(a)(2)(A).

14. Defendant's unfair settlement practice of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(3).

15. Defendant's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive at or practice in the business of insurance. Texas Insurance Code, Section 541.060(4).

16. Defendant's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(7).

17. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Texas Insurance Code, Section 542.060.

18. Defendant's delay of the full and reasonable payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Texas Insurance Code, Section 542.057 and 542.058.

19. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

20. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insureds in insurance contracts.

21. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

22. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times their actual damages. Texas Insurance Code, Section 541.152.

23. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. Texas Insurance Code, Section 542.060.

24. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the

Supreme Court of Texas.

WHEREFORE, the Plaintiffs demand judgment against the Defendant for the amount due under the SFIP; for the actual and additional damages due under the Texas Insurance Code, costs and case expenses incurred in connection with the filing and prosecution of this action, reasonable and necessary attorney's fees, and, any and all other appropriate relief to which the Plaintiff may be entitled.

Respectfully submitted,

**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By: */s/ Kevin R. Michaels*
Kevin R. Michaels
State Bar No.: 00784598
888 W. Sam Houston Pkwy. S., Suite 226
Houston, Texas 77042
Telephone: 281-496-9889
Facsimile: 281-496-4211
kmichaels@michaelslaw.net

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**